**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2013

Lyle W. Cayce
Clerk

No. 12-10778
Summary Calendar

JIMMY M. THOMPKINS,

Plaintiff - Appellant

v.

KATHLEEN SEBELIUS, Head of Department of Health and Human Services,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No.  3:10-CV-905

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jimmy M. Tompkins worked as a special agent with the United States Department of Health and Human Services Office of Inspector General ("the Agency") from 2000 to 2008.  Following an investigation into a complaint filed against him, Tompkins was terminated from the Agency on March 7, 2008.  The complaint alleged that, in May and June of 2007, Tompkins repeatedly contacted a female Special Assistant United States Attorney

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(SAUSA) regarding his personal life despite the female SAUSA's insistence that he only contact her concerning professional matters.

The investigating official found the allegations against Tompkins to be true and proposed that Tompkins be terminated for (1) unprofessional conduct toward a professional colleague (the SAUSA) and (2) unprofessional conduct toward co-workers and supervisors. Tompkins, believing his termination to be in retaliation for a complaint of race and gender discrimination he filed with the Equal Employment Opportunity Commission in November 2006, filed suit in the Northern District of Texas.[1]

The retaliation claim is governed by the familiar *McDonnell Douglas-Burdine* framework. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 388 (5th Cir. 2007) (Title VII claims). A retaliation claim requires proof that the plaintiff engaged in protected EEO activity and that he suffered an adverse employment action; it also requires proof of pretext, i.e. that the employer's action was motivated by retaliation for the filing of the complaint. *Id.* at 388-389. The district court found that Tompkins did not present evidence sufficient to create genuine issues of material fact in support of his claim, and granted the defendant's motion for summary judgment.

On appeal, Tompkins raises the same arguments and evidence proffered in the court below, and raises no argument that casts doubt on the district court's thorough opinion. Moreover, he fails to brief, and has therefore waived any challenge to the second charge identified above. Therefore, we AFFIRM the judgment of the district court essentially for the reasons set out in its opinion dated May 23, 2012.

AFFIRMED.

---

[1] Tompkins also alleged gender and age discrimination claims in his suit, but the district court held he abandoned them in administrative proceedings, and he has not appealed that conclusion.